MIKE MURPHY, Judge *438 Appellant Jonathen Manek appeals from his convictions for ten counts of possessing, viewing, or distributing materials containing sexually explicit conduct involving a minor child in violation of Arkansas Code Annotated section 5-27-602 (Repl. 2013). On appeal, he argues that the evidence is insufficient to support those convictions. We affirm.
At the bench trial on the charges, the following narrative was developed. Manek and a woman named Brandy Reed became friends on Facebook sometime around February 2017. A relationship developed between the two and they started texting. According to Reed, Manek began requesting naked photos of her children and he sent her several inappropriate pictures of children. Reed went to the home of her friend, Justin Kramer, to tell him about what was happening. Reed told Kramer she had to report the images, but that she had to work the next day. Kramer agreed to go to the police for her the next morning. Kramer went to the police that next morning with some screenshots from Reed's phone. Reed then went to the police station that afternoon and met with an investigator for the Cleburne County Sheriff's Office, Jennifer Osborne.
Investigator Osborne instructed Reed to take screenshots of all her text conversations with Manek and the photos he sent her and then Investigator Osborne downloaded those screenshots onto her computer. After she downloaded the screenshots to her computer, Investigator Osborne informed Reed that she could delete the images from her phone. Reed deleted the images and her text history with Manek. Reed left with her phone, and Investigator Osborne obtained a warrant and subpoenaed Manek's phone carrier for records covering the period when he was communicating with Reed.
The subpoena resulted in records for 75 phone calls, 390 text messages, and 8160 multimedia messages during the time frame at issue. Every plain text message sent by Manek was reproduced verbatim in the carrier records. Text messages with emojis were shown as data error messages, and images sent by text would not display in the carrier records but appeared as an EMS data error. These records provided Investigator Osborne the dates and times for the text messages and images sent by Manek to Reed.
Police obtained warrants for Manek's phone and apartment and for Reed's phone. Reed's and Manek's phones were taken to the state police lab for forensic investigations. Special Agent Brandon Lofton with the Arkansas State Police testified that he was unable to retrieve any data from either phone that corresponded to the child-pornography allegations. Reed had deleted the images and messages from her phone, but Agent Lofton was able to determine that Manek's phone had been completely reset on March 2, 2017, between the time that Reed had told authorities about the child pornography Manek had sent her and when the warrant was executed.
Despite Lofton's inability to produce evidence relating to the child-pornography charges, at the hearing, a significant portion of the text conversation between Reed and Manek was read aloud from the screenshots. The screenshots of those conversations and of the child pornography were admitted into evidence without any objection from defense counsel. The defense moved for a directed verdict at the close of the State's evidence and again at the close of all the evidence, alleging that the evidence presented was not sufficient to support the convictions. The court denied that motion, and Manek was found guilty on all charges and received a ten-year *439 sentence on each of the ten counts to be served concurrently. Manek timely appeals.
Manek's sole argument on appeal is that the trial court erred in denying his motion for directed verdict. Because this was a bench trial, his motion for directed verdict was, in reality, a motion to dismiss. Cora v. State , 2009 Ark. App. 431, at 3, 319 S.W.3d 281, 283. A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. Id. We will affirm a trial court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. Id. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. Id. The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. Id.
Manek was charged with, and found guilty of, ten counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child in violation of Arkansas Code Annotated section 5-27-602. On appeal, he argues that the State never produced any actual photographs from his phone and that while forensic data could establish that he was texting Reed, any images he sent were only recorded as errors. He further explains that screenshots can be photoshopped to appear to contain things that they really do not. Manek asserts that without having the original images or text messages from either his or Reed's phones, there is no way to determine if those screenshots were altered. These arguments, however, seek to place this court in the position of reweighing the evidence presented to the trial court, and this we will not do. See, e.g. , Reed v. State , 2011 Ark. App. 352, at 2, 383 S.W.3d 881, 883.
As stated earlier, rather than reweigh the evidence presented at trial, we determine whether there is substantial evidence to support the lower court's findings. See, e.g. , id. To the extent Manek challenges the authenticity of the screenshots, he did not object to their introduction. Once admitted, the court, as the fact finder, was able to weigh the evidence before it and reach its conclusion. Here, substantial evidence supports the lower court's findings. Reed testified about her relationship with Manek and what she had received from him on her phone. The State introduced screenshots and photos that had been pulled directly from Reed's phone. Manek's phone had been wiped by the time the police took it, and the court stated from the bench that it perceived that as evidence of consciousness of guilt. Investigator Osborne testified that the data records from Manek's cell carrier coincide with the messages in the screenshots and the general time frame that Reed established.
Manek took the stand to try and explain that his account was hacked, and the screenshots were fabricated, but that was for the lower court to believe-or not. Witness credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. Id.
Finally, Manek asserts that the evidence the State provided was circumstantial evidence. Circumstantial evidence is substantial when it excludes all other reasonable hypotheses other than the guilt of the accused, and whether the evidence does so is a question to be determined by the fact-finder. Brawner v. State , 2013 Ark. App. 413, at 6, 428 S.W.3d 600, 605. On appeal, the question is whether the *440 fact-finder resorted to conjecture or speculation in determining the verdict. Id. We hold that on this record, no speculation or conjecture was necessary. Considering the evidence in the light most favorable to the verdict, substantial evidence supports Manek's convictions.
Affirmed.